**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**


TIMOTHY HALL,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 1:25-cv-00505 |
| - vs - |  | District Judge Matthew W. McFarland<br>Magistrate Judge Michael R. Merz |
| SHELBIE SMITH, WARDEN,<br> Belmont Correctional Institution, |  |  |
|  | : |  |
| Respondent. |  |  |

---

**REPORT AND RECOMMENDATIONS**

---


This habeas corpus case, brought by Petitioner Timothy Hall with the assistance of counsel, is before the Court for decision on the merits.  Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Reply (ECF No. 12).  The Magistrate Judge reference of the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 13).


**Litigation History**


Petitioner was indicted by a Warren County grand jury on July 1, 2019, and charged with seventeen counts of felonious sexual misconduct with two people under thirteen years of age, A.Z., his adopted daughter, and E.A., his stepdaughter.  He was convicted only on the counts involving

1

E.A. and sentenced to a mandatory term of life imprisonment (Sentencing Entry, State Court Record, ECF No. 8, Ex. 40).  He appealed to the Ohio Court of Appeals for the Twelfth District which affirmed the conviction.  *State v. Hall,* 2022-Ohio-1147 (Ohio App. 12th Dist. Apr. 4, 2022). He then appealed to the Ohio Supreme Court which declined to exercise jurisdiction.  *State v. Hall*, 167 Ohio St.3d 1490 (2022).  He then filed a *pro se* motion for post-conviction relief under Ohio Revised Code § 2953.21 claiming he received ineffective assistance of trial counsel (State Court Record, ECF No. 8, Ex. 52).  The trial court dismissed the Petition as barred by *res judicata* and also for lack of merit. *Id.* at Ex. 54.  Petitioner appealed, but the Twelfth District again affirmed. *State v. Hall*, 2024-Ohio-1325 (Ohio App. 12th Dist. Apr. 1, 2024).  The Ohio Supreme Court again declined jurisdiction.  *State v. Hall*, 174 Ohio St. 1550 (2024).  Once again represented by counsel, Hall filed his Petition in this Court July 22, 2025 (ECF No. 1), pleading the following single ground for relief:

> **GROUND ONE:** Due process violations and violation of the Right to a Fair Trial based on the Ineffective Assistance of Counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> **Supporting Facts**: In Mr. Hall's case, his trial counsel wholly failed him and was ignorant to the law. Mr. Hall was accused of multiple rape offenses for conduct that did not constitute rape at the time of the purported conduct. His attorney had the case for approximately fifteen months and did not discover that digital penetration was not included in the Rape statute for the time frame in which Mr. Hall was charged. It was not until after A.Z. testified that it was discovered, by the trial court that the conduct did not meet the elements of the statute. While those charges were ultimately dismissed, the jury still heard and considered the testimony to Mr. Hall's detriment. Had Mr. Hall been afforded effective counsel, his attorney would have known that half of the indictment did not constitute the crimes alleged and should have moved to exclude or prevent the testimony of A.Z. well in advance of trial.

(ECF No. 1, PageID: 6; ECF No. 1-2, PageID: 20-24).

Respondent asserts that Hall's sole ground for relief is procedurally defaulted because it is a claim based entirely on what appears in the appellate record, but the claim was not raised on direct appeal (Return, ECF No. 9, PageID 2240).

In the Reply Petitioner acknowledges that this claim was rejected by the trial court and the Twelfth District in post-conviction on the basis of *res judicata*. He asserts however that he can overcome the default by showing excusing cause and prejudice or miscarriage of justice. (Reply, ECF No. 12, PageID 2277). He argues the merits of his ineffective assistance of trial counsel claim and concludes:

> In this case, Mr. Hall's counsel's failing at trial directly impacted his Constitutional rights. These issues, as set forth in his Post Conviction Petition and this Petition, should have been raised in Mr. Hall's direct appeal. The fact that they were not fundamentally undermined the adversarial process.

(Reply, ECF No. 12, PageID 2278). To show that there are exceptions to *res judicata*, he cites *Sanders v. United States* 373 U.S. 1, 8 (1963). Finally, he claims he is actually innocent of the crime he was charge with committing on his adopted daughter, identified in the state court record as A.Z.

## Analysis

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).   A habeas petitioner

can overcome a procedural default by showing cause for the default and prejudice from the asserted

error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: constitutional claims which can be adjudicated on the

direct appeal record must be presented in that proceeding or be barred by *res judicata* if attempted

to be raised later.  *State v. Perry,* 10 Ohio St. 2d 175 (1967).  That rule was enforced against Hall

by the trial court in his post-conviction proceeding and by the Twelfth District on appeal from that

trial court decision.  The *Perry res judicata* rule has been repeatedly upheld by the Sixth Circuit

as an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th

Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th

4

Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).  Hall has not shown any excusing cause and prejudice.  In particular, ineffective assistance of appellate counsel for not raising this claim on direct appeal would be excusing cause, but Hall has never sought relief on that basis by filing an application for reopening under Ohio R. App. P. 26(B).  A claim of ineffective assistance of appellate counsel must be litigated in that manner before it can be used as excusing cause and prejudice in habeas.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Nor has Hall shown excusing actual innocence.  The current standard for that excuse is laid out in *McQuiggin v. Perkins*, 569 U.S. 383 (2013):

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

569 U.S. at 386-87.

The new evidence needed to prove actual innocence is described in *Souter v. Jones*:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is

5

> whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Petitioner has presented no new evidence at all, but argues he is actually innocent on the basis of the evidence already presented at trial.  What happened in this case in the trial court is described at length in the opinion of the Twelfth District on direct appeal.  In brief, Petitioner was indicted on the basis of multiple acts of digital penetration of his adopted daughter A.Z.  Neither the prosecutor nor defense counsel nor the trial judge appears to have considered that the statutory amendment classifying digital penetration as rape had not happened as of the time Hall committed these acts on his adopted daughter.  The realization did not happen until after the jury had heard A.Z.'s testimony about Hall's behavior toward her.  Rather than declare a mistrial, the trial judge instructed the jury that this testimony could only be considered as other bad acts under Ohio R. Evid. 404(B).  Petitioner was not convicted on those charges, but only of rape of his stepdaughter, E. A.

The Sixth Circuit has held:

> '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citing *Sawyer v. Whiteley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). And in the

6

> "gateway" context, our court has said the same thing. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). This means that a petitioner may not pass through the equitable gateway by simply undermining the state's case. Rather, he must demonstrate that he *factually* did not commit the crime. Of course, dismantling the state's case is *relevant* and *helpful* to the petitioner because it leaves a vacuum to be filled by an exonerative explanation; but it is not sufficient in and of itself. This distinction between exonerating evidence and impeachment evidence undergirds both of the Supreme Court's landmark equitable-exception cases. *Schlup*, 513 U.S. at 324, 115 S.Ct. 851; *House*, 547 U.S. at 552–53, 126 S.Ct. 2064.

*Hubbard v. Rewerts,* 98 F.4th 736 (6th Cir. 2024).

The testimony of A.Z. about what Hall did to her does not constitute proof of factual innocence of anything. Rather it is a showing of legal insufficiency to convict on the charges involving A.Z. as indicted. If Hall had been properly charged under the statute that covered that conduct at the time, he could have been convicted on the basis of A.Z.'s testimony. Although Hall was entitled to prevail and did in fact prevail on his claim that his conduct toward A.Z. did not constitute rape when it happened, he has presented no new evidence that the conduct did not happen.

Nor has Hall shown an exception to *res judicata*. His sole citation is to *Sanders, supra,* where Justice Brennan noted that *res judicata* was not a bar at common law or later under federal law to re-filing for habeas corpus relief from the same imprisonment with different courts or judges. That law did not change until enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") on April 14, 1996.[1] That statute prohibits filing a second or successive habeas corpus petition directed to the same state court

---

[1] 28 U.S.C. § 2241 authorizes any federal judge to issue the writ of habeas corpus ad subjiciendum. Under that statute the undersigned had occasion to present petitions to two Supreme Court Justices in 1970-71, first to Potter Stewart who was the circuit justice for the Sixth Circuit and then to William O. Douglas. The petitions were decided on the merits when each justice endorsed on the petition "Denied."

7

judgment as a prior petition without the prior approval of the circuit court of appeals.  28 U.S.C. § 2244(b).

What is involved in this case is not the federal law of *res judicata* but the federal law of our obligation to honor state law, in this case the Ohio law of *res judicata*.

In sum, Hall's claim is that his trial attorney did not realize until halfway through trial that Hall's conduct toward A.Z. did not constitute rape as the statutory definition of rape then stood. Whether or not that constituted ineffective assistance of trial counsel, any claim to that effect is required, under Ohio law, to be presented on direct appeal.  Because it was not and Hall has not excused that procedural default, his claim of ineffective assistance of trial counsel should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 17, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

8

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #