# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TIMOTHY HALL,

                Petitioner,    :      Case No. 1:25-cv-00505

  - vs -                      District Judge Matthew W. McFarland
                                Magistrate Judge Michael R. Merz

WARDEN,
 Belmont Correctional Institution,

                              :
        Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought by Petitioner Timothy Hall with the assistance of counsel to obtain relief from his conviction in the Warren County Court of Common Pleas for raping his minor stepdaughter, E.A., and his consequent mandatory sentence of life imprisonment. Previously the undersigned filed a Report and Recommendations recommending dismissal of the Petition (Report, ECF No. 14). Petitioner objected (ECF No. 20), and the case is before the Magistrate Judge upon recommittal by Judge McFarland pursuant to Fed.R.Civ.P. 72(b)(3) to reconsider in light the Objections (Recommittal Order, ECF No. 21).

Petitioner pleaded only one ground for relief as follows:

> **GROUND ONE:** Due process violations and violation of the Right to a Fair Trial based on the Ineffective Assistance of Counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

> **Supporting Facts**: In Mr. Hall's case, his trial counsel wholly failed him and was ignorant to the law. Mr. Hall was accused of multiple rape offenses for conduct that did not constitute rape at the time of the purported conduct. His attorney had the case for approximately fifteen months and did not discover that digital penetration was not included in the Rape statute for the time frame in which Mr. Hall was charged. It was not until after A.Z. testified that it was discovered, by the trial court that the conduct did not meet the elements of the statute. While those charges were ultimately dismissed, the jury still heard and considered the testimony to Mr. Hall's detriment. Had Mr. Hall been afforded effective counsel, his attorney would have known that half of the indictment did not constitute the crimes alleged and should have moved to exclude or prevent the testimony of A.Z. well in advance of trial.

(ECF No. 1, PageID: 6; ECF No. 1-2, PageID: 20-24).

Although only one Ground for Relief is pleaded, it raises two distinct claims: denial of due process and a fair trial by the admission of inadmissible evidence of other bad acts and ineffective assistance of trial counsel for failure to prevent the jury from hearing that other acts evidence.

Petitioner was indicted on seventeen counts of felonious sexual misconduct with A.Z., his adopted daughter, and E.A., his stepdaughter, both of whom were under thirteen years of age at the time of the alleged misconduct. Respondent's Return of Writ contains a forty-seven page excerpt from the opinion of the Twelfth District Court of Appeals affirming the conviction on direct appeal (Return, ECF No. 9, PageID 2181-2228; the full decision is in the State Court Record, ECF No. 8, Ex. 46, and is reported at *State v. Hall*, 2022-Ohio-1147 (April 4, 2022)).

In its decision the Twelfth District recounts in detail the various amendments to the relevant Ohio sexual misconduct statutes occurring over the relevant time period. It was the trial judge who raised on the first day of trial but out of the presence of the jury the problem that digital penetration, which A.Z. had just testified to, was not rape prior to the statutory amendment that made it so in 1996. *Hall* at ¶ 67. At that point the jury had heard A.Z.'s testimony about Hall's

digital penetration of her on multiple occasions.  In resolving the problem the trial judge commented "I have no doubt that everybody was surprised to learn that the definition of sexual conduct was different back in 19 - pre 1996." *Hall* at ¶ 70.  After A.Z.'s testimony concluded the next day, the judge, outside the presence of the jury, noted

> it [the court] was in a "spot" because it "didn't hear anything else with the continuation of this particular alleged victim" that would support a finding that Hall had engaged in "sexual conduct" with A.Z. between July 1, 1991 through June 30, 1996. The trial court then noted that it felt the "need to try to correct this now before — before we go any further" because the testimony offered by A.Z. does not "fit" into the pre-September 3, 1996 definition of "sexual conduct" applicable to Counts 1, 2, 3, 4, 5, 7, and 8, the charges related to Hall's alleged sexual abuse of A.Z.

*Hall, supra,* at ¶ 83.

On the morning of the third day of trial, Hall moved for a mistrial.  In denying it, the trial judge stated:

> if I look at it, that I grant your motion and we come back and we try this case again, the Court believes that the — the next jury is going to hear the exact same testimony, only in — in a 404(B) context versus the — those additional counts from the indictment.
>
> So I — the Court believes that I would be in the exact same position, just with a different jury at that time. I don't think that at this point it time, there's been any demonstration that the prejudicial effect outweighs the probative value. Clearly prior acts, other acts are permitted under evidence rule 404(B).

*Hall, supra,* at ¶ 168.  The charges involving A.Z. were dismissed and Hall was convicted on the charges involving E.A.; the jury was instructed on the limitations to its consideration of A.Z.'s testimony.

Petitioner appealed, raising the following assignments of error relating to A.Z.'s testimony:

**First:** The trial court erred when it overruled defendant's

motion for a mistrial

**Second:** The trial court erred in overruling appellant's objection to "other-acts' evidence

**Three:** the court's instructions to the jury on other-acts evidence was in error

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 43, PageID 245-48).

Petitioner made no constitutional argument in support of his first Assignment of Error. Reviewing that assignment of error for abuse of discretion, the Twelfth District found no error in the denial of a mistrial. *Hall, supra*, at ¶¶ 182-87. The appellate court reviewed the second "other acts" assignment entirely under state law for its correctness in applying Ohio R. Evid. 404(B) and found no error. *Hall, supra,* at ¶¶ 188-98. Finally, the Twelfth District reviewed the third assignment of error entirely in terms of Ohio law and overruled it. *Hall, supra,* at ¶¶ 199-207. On appeal to the Ohio Supreme Court, Petitioner raised no federal constitutional issues (Memorandum in Support of Jurisdiction, State Court Record ECF No. 8, Ex. 49).

On April 18, 2022, Petitioner filed a *pro se* petition under Ohio Revised Code § 2953.21, pleading the following Claim 1:

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. He did not receive his Right to Effective Assistance of Counsel. Sixth Amendment U.S. Constitution, Section 10 Article I Ohio Constitution. "Trial counsel has a duty to conduct a reasonable investigation to determine possible defenses or to make a reasonable decision that a particular investigation is unnecessary." *Strickland,* 466 US. at 691, 1045. Ct 2052, 80 L.Ed.2d 674.

Petition, State Court Record, ECF No. 8, Ex. 52, PageID 462.

Petitioner's Claim 2 was:

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. He did not receive his Right to Effective Assistance of Counsel. Sixth Amendment, U.S. Constitution, Section 10 Article I Ohio Constitution.

> HALL made two critical legal and strategic errors, as discovered and disclosed by the Appellate Opinion, "Opinion," related to Assignment of Error No. 1.
>
> Hall's defense counsel "HALL" did seriously undermine Defendant's ability to effectively appeal the trial decision.

*Id.* at PageID 464.

Petitioner's Claim Three was

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. He did not receive his Right to Effective Assistance of Counsel. Sixth Amendment U.S. Constitution, Section 10 Article I Ohio Constitution.
>
> Defendant requested to testify, especially after AZ's counts were likely to be dismissed. Defense counsel, aka "HALL" refused.

*Id.* at PageID 466.

Petitioner's Claim Four was:

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. Sixth Amendment U.S. Constitution, Section 10 Article I Ohio Constitution. He did not receive his Right to Effective Assistance of Counsel.
>
> Hall's defense counsel did seriously undermine providing plain language information to jury at Closing Arguments, did not vary trial strategy, and did not object to jury instructions as part of HALL's closing arguments.

*Id.* at PageID 467.

Petitioner's Claim Five was:

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. He did not receive his Right to Effective Assistance of Counsel. Sixth Amendment U.S. Constitution, Section 10 Article I Ohio Constitution.
>
> Hall's defense counsel "HALL" failed to preserve Defendant's legal rights and protect Defendant's ability to future appeal.

> HALL did not effectively object on specific grounds related to trial court limiting EA cross examination.

*Id.* at PageID 469.

> Petitioner's Claim Six was:

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. He did not receive his Right to Effective Assistance of Counsel. Sixth Amendment U.S. Constitution, Section 10 Article I Ohio Constitution. Trial Counsel, aka HALL, failed to present police interview of *AZ* at trial.

*Id.* at PageID 471.

> Petitioner's Claim Seven was

> Timothy Glenn Hall had his Federal and State Constitutional Rights violated. He did not receive his Right to Effective Assistance of Counsel. Sixth Amendment U.S. Constitution, Section 10 Article I Ohio Constitution.

> Defendant - Appellant, "Defendant," will demonstrate that his counsel "HALL" did not provide effective counsel at trial, prejudiced Defendant's Appeal and did not follow his direction for defense. Defendant will cite Appeals Opinion as "(OP. Pg#, ,I#), "Petition claims as "Claim No." and Defendant's recollections as "Affidavit" and truth claims.

*Id.* at PageID 472.

On the State's Motion, the Common Pleas Court dismissed the post-conviction petition as barred by *res judicata* and on the merits of the ineffective assistance of trial counsel claim. (Opinion, State Court Record, ECF No. 8, Ex. 54).  The Twelfth District Court of Appeals affirmed both holdings.  *State v. Hall*, 2024-Ohio-1235 (Ohio App. 12th Dist. Apr. 1, 2024)("*Hall II*"). Petitioner appealed to the Ohio Supreme Court which declined to exercise jurisdiction.  *State v. Hall*, 174 Ohio St. 3d 1550 (2024).

Based on this record, the Report recommended dismissal on the basis of procedural default -- Ohio's enforcement of its *res judicata* jurisprudence – and on the merits of Petitioner's

6

ineffective assistance of trial counsel claim – the Twelfth District's application of *Strickland v. Washington,* 466 U.S. 668 (1984), was not objectively unreasonable. Petitioner attempted to excuse the procedural default by claiming ineffective assistance of appellate counsel, but the Report noted he had never filed an Application for Reopening the Appeal under Ohio R. App. P. 26(B) to raise that issue. A 26(B) Application is the sole method of raising an ineffective assistance of appellate counsel claim. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Petitioner also claimed he had shown actual innocence, but the Report noted he had offered no new evidence of the kind required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

**Petitioner's Objections**

Petitioner objects;

> The Magistrate Judge found that this claim was barred by *res judicata* under Ohio law. (Doc. 14, p. 2290) The Magistrate Judge found, in essence, that Respondent should have brought this claim on direct appeal. (Doc. 14, p. 2290).

(Objections, ECF No. 20, PageID 2302-03). This is a critically erroneous misstatement of the Report. What the undersigned found was that the Ohio Twelfth District Court of Appeals found Petitioner's claim was barred by *res judicata* and this Court was bound to uphold that *res judicata* findings, based on numerous cited Sixth Circuit published decisions.[1] The Report also concluded we were bound to defer to the Twelfth District's conclusion on the merits under 28 U.S.C. § 2254(d)(1), a conclusion not mentioned in the Objections, but independently sufficient to uphold

---

[1] Report, ECF No. 14, PageID 2286: "The *Perry res judicata* rule has been repeatedly upheld by the Sixth Circuit as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001)."

the state court's decision.

Petitioner next objects:

> This claim is premised on Mr. Hall's actual innocence and a gross miscarriage of justice. . . .
>
> The essence of Mr. Hall's claim of ineffective assistance of counsel is that his counsel failed him so greatly that ineffectiveness permeated the entire proceeding against him.

Objections, ECF No. 20, PageID 2303.

Mr. Hall is imprisoned on his conviction for repeatedly raping his minor stepdaughter. He has presented absolutely no new evidence that he is actually innocent of those crimes. His claim is that the trial court should not have allowed the same jury that heard propensity evidence from his adopted daughter A.Z. of similar behavior toward her. The Magistrate Judge accepts that under severe circumstances other acts evidence admitted under Evid. Rule 404(B) can be sufficiently prejudicial as to be unconstitutional. If that is what Petitioner believes happened here, why did he not present that as a federal constitutional issue on direct appeal where he relied entirely on state law? If the response is that his failure to do so was caused by ineffective assistance of appellate counsel, why had Petitioner never filed an application to that effect under Ohio R. App. P. 26(B)?

If instead the claim is that ineffective assistance of trial counsel allowed this evidence in, why wasn't that claim raised on direct appeal? If the answer is ineffective assistance of appellate counsel, we must again ask why Petitioner never filed a 26(B) application?

It was the trial judge who first noted the discrepancy between A.Z. testimony and the statute before 1996. When he struggled with what to do about that, he noted how difficult it had been to obtain a fifty-person venire in the summer of 2020 when the COVID-19 epidemic was at its height. Given that he would have been prepared to admit the same testimony from A.Z. that she had

8

already given in a new trial, denying a mistrial does not appear to have been an abuse of discretion, especially since he was eventually upheld on the 404 claim.

Petitioner also objects to denial of a certificate of appealability, arguing again how bad the "other acts" evidence was. But he has not cited any opinion by a "reasonable jurist" that would decide any of the issues in this case differently. It is very unfortunate that none of the actors – judge, prosecutors, or defense counsel – found the date discrepancy until the judge did after most of A.Z.'s testimony. But Petitioner never raised the other acts claim on direct appeal as a constitutional issue and never claimed ineffective assistance of trial counsel at all on direct appeal.

**Conclusion**

Based on the forgoing analysis, the Magistrate Judge adheres to his prior recommendation: the Petition should be dismissed as procedurally defaulted and in deference to the reasonable decision of the Twelfth District Court of Appeals. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 3, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond

to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.